IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KERRY L. BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 06-505-JPG** |
| ) | |
| **CHARLES R. GARNATI, JOHN** ) | |
| **SPERONI and ALEX FINE,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Plaintiff brings this civil rights action against the state's attorney who prosecuted him, the state judge who presided over his trial, and the public defender who represented him in his state court criminal proceeding in Williamson County, Illinois. However, both the judge and the state's attorney are immune from damages. *See Mireles v. Waco,* 502 U.S. 9, 11-12 (1991) (judges, being sued solely for judicial acts, are protected by absolute judicial immunity); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (same). *See also Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Further, the law is clear that a party may not sue his attorney for legal malpractice in a civil rights suit, and this principle holds true even if that attorney was court-appointed attorney and employed by the state. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). *See also Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995).

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: August 4, 2006**

          **s/ J. Phil Gilbert**
          **U. S. District Judge**