IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KERRY L. BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 06-505-JPG** |
| ) | |
| **CHARLES R. GARNATI, JOHN** ) | |
| **SPERONI and ALEX FINE,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This action is before the Court to rule on Plaintiff's "motion for a new review", filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. 8). That motion also includes a request for leave to file an amended petition.

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this motion, Plaintiff asserts that "his complaint does have merit and is not a frivolous complaint, and has arguable points in law and fact." This argument does not suggest clerical mistake; instead, Plaintiff challenges the Court's application of the law to the facts alleged in the complaint, which may be addressed in a direct appeal. Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant motion for relief under that rule is **DENIED**.

As for his request to file an amended complaint,

> a court may grant a plaintiff's motion for leave to amend even after judgment had been entered. *See, e.g., United States Labor Party v. Oremus*, 619 F.2d 683, 692 (7th Cir. 1980). However, in this circuit, "'the presumption in favor of liberality in granting motions to amend [under Rule 15(a)] is reversed after judgment has been entered.'" *Vicom Inc. v. Harbridge Merchant Services Inc.*, 20 F.3d 771, 785 n. 13 (7th Cir. 1994) *(citing First Nat'l Bank v. Continental Ill. Nat'l Bank*, 933 F.2d 466, 468 (7th Cir. 1991)). *See also Amendola v. Bayer*, 907 F.2d 760, 765 n. 1 (7th Cir. 1990) ("In this circuit, after a judgment has been entered, a party must have the judgment reopened pursuant to Federal Rule of Civil Procedure 59(e) or 60(b) and then request leave to amend pursuant to Rule 15(a)."); *Twohy v. First Nat'l Bank*, 758 F.2d 1185, 1196 (7th Cir. 1985) (noting that "several courts have recognized that justice may require something less in post-judgment situations than in pre-judgment situations under Rule 15(a)").

*Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002).

Because the Court has denied his motion under Rule 60(b), his request to file an amended complaint is also **DENIED**.

**IT IS SO ORDERED.**

**Dated: September 14, 2006.**

                                            **s/ J. Phil Gilbert**
                                            **U. S. District Judge**